UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Nwokoro & Scola, Esquires
44 Wall Street, Suite 1218
New York, NY 10005
(212) 785-1060

---------------------------------------------------------------
EDREWEENE RAYMOND, ADHYL          I   Docket No. 15-CV-6885
POLANCO, PEDRO SERRANO, SANDY     I   (LTS) (HBP)
GONZALEZ, RITCHIE BAEZ, JULIO     I
DIAZ, FELICIA WHITELY, ROMAN      I
GORIS, DERICK WALLER, KAREEM      I
ABDULLAH, OLAYOKUN OLAGOKE,       I
and WIDMARC PIERRE individually, and   I
on behalf of a class of all others similarly   I
situated,                         I
             Plaintiffs,   I
                                  I   **MEMORANDUM OF**
   -against-                  I   **LAW IN SUPPORT OF**
                                  I   **PLAINTIFF'S MOTION**
THE CITY OF NEW YORK,  THE        I   **FOR LEAVE TO FILE**
MAYOR OF THE CITY OF NEW YORK     I   **A SECOND AMENDED**
BILL de BLASIO, in his individual and   I   **COMPLAINT**
and official capacity, POLICE     I
COMMISSIONER WILLIAM J. BRATTON,  I
In his individual and official capacity, NYPD   I
CHIEF OF DEPARTMENT JAMES P.      I
O'NEILL, in his individual and official   I
capacity, and NYPD COMMANDING OFFICER   I
OF PATROL SERVICES, BUREAU CHIEF  I
CARLOS M. GOMEZ, in his individual and   I
official capacity,                I
                                  I
             Defendants.   I
---------------------------------------------------------------

To.

Kathleen M. Comfrey, ACC
Zachary Carter,
Corporation Counsel of The City of New York
100 Church Street, Room 2-139
New York, NY 10007

## **TABLE OF CONTENTS**

|  | Page(s) |
|---|---|
| TABLE OF AUTHORITIES ……………………………………… | 3 |
| PRELIMINARY STATEMENT AND FACTUAL BACGGROUND.. | 4 |
| ARGUMENT…………………………………………………….. | 5 |
| A.   Amendments to Pleadings Are to Be Freely Granted ……… | 5 |
| B.   The Re-pled Claims Are Not Futile …………………………. | 5 |
| C.   There Are No Other Reasons To Deny Leave To Amend ….. | 6 |
| CONCLUSION …………………………………………………... | 7 |

## **TABLE OF AUTHORITIES**

| **CASES** | **PAGE(S)** |
|---|---|
| Dougherty v. North Hempstead Board of Zoning Appeals<br>  *282 F. 3d 83 (2d Cir. 2002)* …………………………….. | 5 |
| Foman v. Davis<br>  *371 U.S. 178 (1982)*…………………………………………….. | *5* |
| Newark Branch, NAACP v. Harrison<br>  *907 F.2d 1408 (3d Cir. 1990)* ……………………………… | 5 |
| Ryder Energy Distr. Corp. v. Merrill Lynch Com. Inc.<br>  *748 F. 2d 774 (2d Cir. 1984)*……………………………………… | 6 |
| S.S. Silberblatt, Inc. v. East Harlem Pilot. B.B. 1, HDFC<br>  *608 F. 2d 28, (2d Cir. 1979)*………………………………. | 6 |
| Schwimmer v. Guardian Life Ins. Co.<br>  *1996 WL 146004 at \*3 (93-cv-0428 SDNY)*…………… | 6 |
| Weg v. Macciarola<br>  *729 F. Supp. 328 (SDNY-1990)* ……………………………… | 6 |

**PRELIMINARY STATEMENT AND FACTUAL BACKGROUND**

By Amended Complaint filed on December 10, 2015, the twelve plaintiffs, all police officers, complaining against the City of New York Police, and various individual defendants all of whom occupy leadership positions in the New York Police Department, brought a class action on behalf of themselves and all similarly situated Black and Latino police officers for declarative and injunctive relief, and for damages, for alleged constitutional violations, civil right violations, and violations of New York State Labor Law Section 215-a, the prohibition against quotas. Defendants filed a Motion to Dismiss portions of the complaint on January 11, 2016. While that motion was pending, the defendants filed a supplemental motion on May 25, 2016, now seeking a dismissal of all the claims contained in the Amended Complaint. On March 6, 2017, the court released Memorandum Decision and Order granting defendants motion to dismiss the Amended Complaint. The Order also stated that Plaintiff may make a motion for leave to replead the claims and requests for relief asserted in their Second, Fourth, Fifth, Sixth, Eigth, Tenth, Twelfth, Fourteenth, and Seventeenth causes of action. Plaintiffs now move pursuant to FRCP 15(a), for leave to file a Second Amended Complaint.

The proposed Second Amended Complaint only contains the nine causes of action for which leave to move to re-plead was specifically granted by the decision of 3/6/17. Those causes of action have been buttressed by new factual allegations, certain individuals have been added as defendants, one individual has been removed as a defendant, allegations have been added regarding the personal involvement of the individual defendants, and the timing of complaints and retaliatory actions with respect to the claims for violations of First Amendment rights.  A copy of plaintiff's proposed

4

Second Amended Complaint, is attached to the declaration of Chukwuemeka Nwokoro in support of this motion as Exhibit A.

## ARGUMENTS

### A.  Amendments to Pleadings Are To Be Freely Granted.

Under Federal Rule of Civil Procedure 15(a), a plaintiff may file an amended complaint after the answer has been filed with leave of court. The Rule does not prescribe a time limit for the filing of the amendments. Consequently, motions for leave to amend have been granted at various stages of the litigation, including after the entry of judgment. See, eg. Newark Branch, NAACP v. Harrison, 907 F. 2d 1408, 1417 (3rd Cir. 1990). The United States Supreme Court has enumerated several factors that are given weight by the courts in the exercise of their discretion on a motion for leave to amend (1) undue delay; (2) bad faith; (3) dilatory motive; (4) repeated failure to remedy problems in the complaint; (5) undue prejudice; and (6) futility. Foman v. Davis, 371 U.S. 178, 182 (1962). Court also consider the effect denial of leave to amend would have on the plaintiffs, the reasons for plaintiff's failure to include or delete information earlier, and possible injustice to third parties. There is a strong bias towards granting motions for leave to amend. Rule 15(a) itself directs that leave to amend shall be freely given when justice so requires.

### B.  The Re-Pled Claims Are Not Futile.

An Amendment to the pleading will be deemed futile if the proposed claim could not withstand a motion to dismiss pursuant to FRCP 12(b)(6). Dougherty v. North Hempstead Zoning Board of Zoning Appeals, 282 F. 3d 83, 88 (2d Cir. 2002). If

however, there are at least colorable grounds for relief, justice requires that the motion to amend be granted. <u>Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc</u>., 748 F. 2d 774, 783 (2d Cir. 1984) (quoting <u>S.S. Silberblatt, Inc. v. East Harlem Pilot Block-Bldg 1 Housing H.D.F.C</u>., 608 F. 2d 28, 42 (2d Cir. 1979); <u>Schwimmer v. Guardian Life Ins. Co.</u>, No. 93 Civ. 0428, 1996 WL 146004, at *3 (S.D.N.Y. Apr. 1, 1996), allowing amendment where "it is not so frivolous or outlandish to render it futile", aff'd, 104 F. 3d 354 (2d Cir. 1996); <u>Weg v. Macciarola</u>, 729 F. Supp. 328, 341 (S.D.N.Y. 1990), motion should be granted unless amendment is frivolous or facially insufficient.

The court should grant the leave sought here in view of the liberal standard embodied Rule 15 and the fact that the repled claims are not obviously vulnerable to a motion to dismiss.

**C.** **There Are No Other Reasons to Deny Leave To Amend.**

Even if defendants were to oppose this motion on the basis of other *Foman v. Davis,* factors, their arguments would be unpersuasive. Allowing plaintiffs to file their Second Amended Complaint will not delay the present proceedings, and plaintiff's purpose in filing the amendment is not to delay the litigation but rather to plead the facts and causes of action as accurately as possible within the confines of the court's decision of March 6, 2017, with respect to defendants motion to dismiss the entire complaint.

The proposed amended complaint adds individual defendants Christopher McCormack, Constantin Tsachas, Benjamin Tucker and Kevin S. Richardson. Their addition was necessitated by the facts newly pled in support of the plaintiff's Second, Fourth, Sixth, Eighth, Tenth, Twelfth, and Fourteenth causes of action. Individual defendant, Carlos M. Gomez, has been removed as a party. The proposed amended

complaint adds no new cause of action and presents no new legal theory, and therefore would cause no undue prejudice, as defendants have had first hand familiarity with this case since March 2015 when the Complaint was initially filed.

## Conclusion

For the foregoing reasons, plaintiffs respectfully request that this Court grant their motion for leave to file the proposed Second Amended Complaint.

Dated: New York, New York
April 6, 2017

                                          Nwokoro & Scola, Esquires
                                          Attorneys for the Plaintiffs
                                          44 Wall Street, Suite 1218
                                          New York, NY 10005
                                          (212) 785-1060
                                          emekanwokoro101@yahoo.com

                                          By _____/S/_____
                                              Chukwuemeka Nwokoro