UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

EDREWEENE RAYMOND, PEDRO SERRANO,
SANDY GONZALEZ, and RITCHIE BAEZ,

                                      Plaintiffs,

-against-

THE CITY OF NEW YORK, WILLIAM J.
BRATTON, JAMES P. O'NEILL, CHRISTOPHER
McCORMACK, and CONSTANTIN TSACHAS,

                                      Defendants.

**DECLARATION OF PEDRO SERRANO**

15-CV-6885 (LTS)(HBP)

------------------------------------------------------------------ x

I, Pedro Serrano, declares under penalty of perjury, pursuant to U.S.C. § 1746, that the following is true and correct.

1. I am a Plaintiff in the above captioned matter.

2. On February 1, 2013 I filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission.

3. In a memorandum dated January 20, 2013 I filed an internal complaint with the Office of Equal Employment regarding retaliation. This complaint was filed with the Office of Equal Employment at the end of February 2013. The memorandum was dated January 20, 2013 because that was the date that I started drafting the memorandum. As these events continued I included them in the body of the complaint but did not change the date on the memorandum.

4. In that Complaint I specifically told the NYPD that I had retained an attorney and further that I filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission. I filed said charge on February 1, 2013.

5. Further in that complaint, I specifically reference an incident which occurred on February 12, 2013 in which at a roll call I was transferred off my assigned post and assigned to a punitive foot post which required me to stand during my patrol as a form of retaliation for complaining about discrimination and the illegal arrest quota.

6. While on my punitive foot post, I was informed by Sergeant Monroe that Captain Materasso wanted a copy of my memo book. I returned from my foot post and gave the memo book to the Captain as I was ordered.

7. Upon information and belief, I was the only police officer that was ordered to turn over my memo book.

8. On Saturday February 16, 2013 at 23:35 I gave the memo book #A916724, dated August 18, 2012 to December 12, 2012, memo book #A881328 dated May 2, 2012 to August 18, 2012, memo book # 798890 dated May 20, 2010 to October 10, 2010, memo book #A928729 dated December12, 2012 to February 16, 2013, memo book #A882215 dated February 6, 2012 to May 21, 2012, memo book # A892090 dated October 31, 2011 to February 6, 2012 to Integrity Control Officer Gomez took the memo books from me, I never saw them again.

9. In my testimony in the Floyd v. City of New York stop and frisk trial on March 20, 2013, I testified that I wrote down everything in my book regarding the quota and other unlawful orders that were prevalent in the 40th Precinct.

10. In addition to documenting the illegal arrest quota in my memo book, I also wrote down each time I was retaliated against and in what ways.

11. I did this specifically to document the disparate treatment I was receiving to ensure that the record would be preserved for my lawsuit.

12. In my memo book I specifically had entries relating to the ordered down grading of felonies.

13. In my memo book I had several entries relating to punishment for not meeting the quota.

14. In my memo book, I logged entries relating to efforts by Defendant Commanding Officer Christopher McCormack who followed and threatened me before I was set to testify at the Floyd v. City of New York stop and frisk trial. Under the penal code of New York this would be felony witness tampering.

15. In my memo book, I logged entries relating to general corruption in the 40th precinct

including but not limited to the ignoring of crimes where Black and Hispanic civilians were the victim of said crimes.

16. In my memo book, I logged entries about the hostile work environment at the 40th precinct.

17. In my memo book, I logged entries relating to the stress and negative health issues I suffered while on patrol due to unlawful orders of supervisors to target Black male civilians.

18. In my memo book, I logged entries relating to the Internal Affairs ignoring my complaints of discrimination and retaliation.

19. During my time in the 40th Precinct I was repeatedly threatened that I would have my memo book heavily scrutinized for punishment if I continued to vocalize my objections to the arrest quota and discrimination.

20. I was subsequently punished for having improper memo book entries but never was given back my memo books.

21. As a result of not having copies of my memo book, I lost important evidence that would help prove my case for discrimination and retaliation.

22. I purposefully used my memo book as a place to take notes, in the moment, about the discrimination and the retaliation I was forced to endure.

23. As I testified in the Floyd trial, I documented all the corruption I witnessed and mistreatment I received in my memo book in hopes that someone would eventually believe that all the internal complaints that I was making were true.

Pedro Serrano

Sworn to me on this 18 day of July, 2019

Notary Public

JOEL D BASSUK
NOTARY PUBLIC-STATE OF NEW YORK
No. 01BA6186004
Qualified in Nassau County
My Commission Expires April 28, 20 20