# EXHIBIT "A"

# Nwokoro & Scola, Esquires
## Attorneys At Law

30 Broad Street, Suite 1424, New York, New York 10004
Phone: (212) 785-1060    Fax: (212) 785-1066
Email: emekanwokoro101@yahoo.com

June 1, 2019

The Hon. Henry B. Pitman
United States Magistrate Judge
United States District Court
Southern District of New York

Re: Raymond, et al v. The City of New York, et al
15-CV-6885 (LTS) (HBP)

Dear Judge Pitman:

I am a partner with the firm of Nwokoro & Scola, Esquires, attorneys for the plaintiffs and I write pursuant to the Court's Individual Rules of Practice 2.A and Rule 37.2 of the Local Civil Rules to request a motion conference with respect to an anticipated motion by the plaintiff to compel production of discovery from the defendant, to renew plaintiff's motion to depose defendants William J. Bratton and James P. O'Neill; and to sanction defendant the City of New York for spoliation of evidence.

Plaintiff's Anticipated Motion to Compel Discovery:

Plaintiff intends to move to compel defendants to produce Electronically Stored Information (ESI) requested by the plaintiff. Defendants have not yet responded to any and all of plaintiff's demands for Electronically stored information (ESI), essentially, emails and texts. All ESI discovery on the part of the defendants are outstanding. With regard to emails, this delay is due to a disagreement regarding search terms. Despite multiple meetings, emails, telephone conversations and a meeting in person, parties are not able to agree on the appropriate search terms to be used in searching for emails. Therefore, the court's intervention is required. With respect to texts, defendants have stated that the texts demanded do not exist, and that the cell phones in question are no longer in the possession of the defendants, having been "returned" Plaintiffs now seek authorizations to obtain the telephone records from the telephone service providers.

Plaintiff's Motion to Compel the Deposition of Defendants Bratton and O'Neill

The Court's order of 2-14-19 directed as follows "No later than March 14, 2019, plaintiffs are to file a status report stating whether they intend to renew their application to depose defendants William J. Bratton and James P. O'Neill. By letter motion dated March 14, 2019, (Doc # 114) plaintiffs requested a Sixty-day extension of the time period to inform the court whether or not plaintiff intends to renew this motion. Defendants document production numbering 3,075 pages did not include any documents referencing the July 20, 2015 visit by defendants O'Neill and Bratton to the 40th Precinct. Plaintiffs have requested roll call records, command log records, finest messages, and other documents relating to this date and event. None has been produced so far. No discovery produced by the City negates the need for a deposition of defendants O'Neill and Bratton, therefore, plaintiff respectfully informs the court that plaintiff intends to renew the motion to compel the deposition of defendants Bratton and O'Neill.

Motion For An adverse inference Sanction for Spoliation of Relevant Evidence

Defendants claim not to be in possession of plaintiff Serrano's memo book for February 7, 2013. (In Paragraph 110 of the Amended Complaint, plaintiff Serrano alleges that on February 7, 2013, five different supervisors came to his fixed solitary post and signed his memo book in an unprecedented act of retaliation and intimidation). Police officers memo books are basic records routinely maintained by the NYPD and it is improbable that the memo book for this memorable day can no longer be found. Similarly, defendants claim that they are no longer in possession of the department issued cell phones given to defendants McCormack and Tsachas, stating that the phones were "returned", without saying to whom they were returned and why.

Plaintiff respectfully submits that in these two instances, the defendants are in violation of their duty to preserve evidence and plaintiff is entitled to an adverse inference sanction for spoliation. See Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 216 (S.D.N.Y. 2003). Therefore, plaintiff intends to move the court to impose an adverse inference sanction against the defendants.

Respectfully submitted,

Chukwuemeka Nwokoro

cc: By ECF

Yuval Rubinstein, ACC