UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDREWEENE RAYMOND, et al.,

                Plaintiffs,

against

THE CITY OF NEW YORK, et al.,

                Defendants.

CIVIL ACTION NO.: 15 Civ. 6885 (LTS) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

A Telephone Conference was held today, June 23, 2020 regarding Plaintiffs' Letter-Motion for a discovery conference for an anticipated motion seeking sanctions against Defendants for spoliation ("Plaintiffs' Letter-Motion") (ECF No. 208) and Defendants' Letter-Motion for a discovery conference for an anticipated motion for a protective order ("Defendants' Letter-Motion") (ECF No. 213).  As set forth below, Plaintiffs are GRANTED leave to file a motion seeking sanctions for spoliation, and Defendants are DENIED leave to file their motion for a protective order.  Accordingly, the parties' motions for conferences regarding their anticipated motions (ECF Nos. 208, 213) are DENIED as moot.

### I. PLAINTIFFS' LETTER-MOTION

Plaintiffs' Letter-Motion requests a conference for an anticipated motion seeking sanctions against Defendants for alleged spoliation of Monthly Condition Impact Reports (the "Monthly Reports") for each Plaintiff, which the Court's March 5, 2020 Order (the "March 5 Order") directed them to produce.  (ECF No. 208 at 1).  Plaintiffs argue that Defendants failed to preserve 19 Monthly Reports created from 2012 through 2015 in a manner that was purposeful

to "prevent Plaintiffs from obtaining damaging evidence" against Defendants. (Id.) While Defendants acknowledge that they no longer have the 19 Monthly Reports, they claim to have produced to Plaintiffs substantially similar information to the Monthly Reports in documents entitled Squad Supervisor's Recapitulations (the "Recapitulations"). (Id.) Plaintiffs argue that the Recapitulations are not equivalent to the Monthly Reports because, while they offer "raw information," they do not possess comments regarding officers' performance. (Id. at 2).

Defendants oppose Plaintiffs' Letter-Motion, arguing that in May 2019, Plaintiffs accepted a substitution of summons and arrest statistics in place of the Monthly Reports. (ECF No. 211 at 1). Defendants continue that the March 5 Order denied Plaintiffs' request for Monthly Reports for alleged comparators, and limited production to only the Monthly Reports that pertained specifically to Plaintiffs. (Id.) In addition, Defendants argue that they had no duty to preserve the Monthly Reports, did not willfully or intentionally lose them, the missing reports are irrelevant as to two of the Plaintiffs, Plaintiffs have not suffered prejudice, and (although Plaintiffs do not ask for one) an adverse inference would be unwarranted. (Id. at 1-3).

During the telephone conference with the Court today, Plaintiffs' counsel confirmed that there is no urgency to their anticipated motion, which can be filed after the close of fact discovery. Accordingly, in the interest of efficiency the Court GRANTS Plaintiffs leave to file a motion for sanctions against Defendants, after the close of fact discovery.

Based on the representations of the parties during today's conference about the remaining fact discovery to be completed, the Court directs the parties to complete fact discovery by **Wednesday, July 15, 2020**. By **Wednesday, July 29, 2020**, if Plaintiffs decide to proceed with a motion for sanctions against Defendants for spoliation, Plaintiffs are to file either (1) a letter

stating that they intend to rely on their filings at ECF Nos. 208 and 212, or (2) a notice of motion and memorandum of law in support of their motion for sanctions in which Plaintiffs <u>must include all grounds</u> on which they are seeking sanctions for spoliation.  Defendants are directed to file their opposition by **Wednesday, August 12, 2020**, and Plaintiffs are directed to file their reply, if any, by **Wednesday, August 19, 2020**.

## II.<u>DEFENDANTS' LETTER-MOTION</u>

Defendants' Letter-Motion requests a conference for an anticipated motion for a protective order.  (ECF No. 213 at 1).  Defendants argue that on May 9, 2020 Plaintiffs served a supplemental discovery request seeking the Recapitulations for the comparators, which violates the Court's March 5 Order and May 18, 2020 Order (the "May 18 Order") and.  (<u>Id.</u> at 1-2).  Defendants continue that the March 5 Order limited production of the Monthly Reports to those specific to Plaintiffs, and that the May 18 Order makes "clear that [P]laintiffs can only serve post-deposition document requests," which the supplemental request is not.  (<u>Id.</u> at 1-2).  Defendants argue that because the information in the Recapitulations is "simply an electronic version of the data recorded in the Monthly Reports," based on the March 5 Order, Plaintiffs are not entitled to the comparator information.  (<u>Id.</u> at 2).  Defendants assert that they only offered to provide the Recapitulations as a substitute for the 19 missing Monthly Reports.  (<u>Id.</u> at 2).

Plaintiffs argue that because the Recapitulations are relevant, Defendants should have produced them in 2018 when Plaintiffs "requested all documents related to claims of each of the named Plaintiffs." (ECF No. 215 at 1).  Plaintiffs argue they did not learn of the Recapitulations until May 7, 2020, after Defendants produced them as a substitute for the missing Monthly Reports that the March 5 Order required to be produced.  (<u>Id.</u>)  Plaintiffs assert that, once they

3

learned of the Recapitulations, they immediately requested them. (Id.) Plaintiffs interpret the May 18 Order more broadly to allow them to "request specific documents related to depositions or new discovery obtained by Plaintiffs." (Id. at 2). Plaintiffs request that Defendants "unredact the information" for the comparators, of which Plaintiffs' counsel has complied a list, contained in the Recapitulations. (Id.)

The March 18 Order limited the scope of Defendants' remaining production by specifying, in relation to Plaintiffs' December 22, 2019 document requests, that "Plaintiffs may make a <u>specific</u> follow up request for" "a specific document or type of document . . . discussed during a deposition of one of Defendants' witnesses." (ECF No. 205 at 1). In addition, the March 5 Order did limit production of the Monthly Reports, but the limitation in the March 5 Order largely stemmed from Plaintiffs' delay since 2018 in requesting the Monthly Reports, and delay in raising any issues regarding their production or their substitution by "summons and arrest statistics for Plaintiffs and the alleged comparators." (ECF No. 178 at 36–40). However, Plaintiffs did not learn of the Recapitulations until Defendants produced some of them in May 2020 as a substitute for the missing Monthly Reports. (ECF No. 215 at 1). Having previously offered production of the comparators' information through summons and arrest statistics, as an alternative to the Monthly Reports (<u>see</u> ECF No. 178 at 36), Defendants cannot now refuse production of similar information in the Recapitulations. Accordingly, by **Friday, June 26, 2020**, Plaintiffs are directed to provide to Defendants a list of the names of the comparators for which Plaintiffs are requesting information be unredacted from the Recapitulations. By **Thursday, July 2, 2020**, Defendants are to reproduce to Plaintiffs the Recapitulations with those redactions removed.

Finally, as discussed during today's conference, the parties are directed to proceed with the deposition of Lieutenant Andrew Hatki via video conference on **Wednesday, July 8, 2020**.

The Clerk of Court is respectfully directed to close ECF Nos. 208 and 213.

Dated:   New York, New York
         June 23, 2020

SO ORDERED

_____
**SARAH L. CAVE**
**United States Magistrate Judge**