UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

EDREWEENE RAYMOND, et al.,

          Plaintiffs,

  -v-                                             No. 15-CV-6885-LTS-SLC

THE CITY OF NEW YORK, et al.,

          Defendants.

-------------------------------------------------------x

### MEMORANDUM ORDER

Defendants City of New York, William J. Bratton, James P. O'Neill, Christopher McCormack, and Constantin Tsachas ("Defendants") object to Magistrate Judge Sarah L. Cave's Orders of March 5, 2020 ("March 5 Order") and April 13, 2020 ("April 13 Order"). (Docket Entry Nos. 186 and 196.) Judge Cave's March 5 Order, in relevant part, granted the motion of Plaintiff Pedro Serrano ("Plaintiff" or "Serrano") for the sanction of an adverse inference against Defendants based on the alleged spoliation of the memo book containing Plaintiff Serrano's February 7, 2013, entry (the "Memo Book"). Judge Cave's April 13 Order denied Defendants' motion for reconsideration of the March 5 Order. The Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331, 1343, and 1367. The Court has considered carefully the parties' submissions and arguments and, for the following reasons, Defendants' objections are overruled. Judge Cave's March 5 and April 13 Orders will stand.

### BACKGROUND

Familiarity with the facts of this case, which are set forth in detail in the March 5 and April 13 Orders (as well other prior orders of the Court), is presumed. Plaintiff Serrano alleges, among other things, that he was retaliated against for filing a discrimination complaint

with the United States Office of Equal Employment Opportunity ("EEOC") against his supervisors in June 2012. (Second Amended Complaint ("SAC"), Docket Entry No. 87, ¶¶ 108, 169-77.) Plaintiff Serrano alleges that his supervisors became aware of his EEOC complaint on February 7, 2013, and began retaliating against him during his shift that day. (SAC ¶¶ 109-22.)

On November 28, 2018, Plaintiff propounded document requests on Defendants that called for the production of Serrano's memo book[1] that contained his entry from February 7, 2013. (Docket Entry No. 129 at 7.) Plaintiff requested, in relevant part, (i) "[a]ll documents that refer or relate to Plaintiff Pedro Serrano, including but not limited to, his entire personnel files including Plaintiff's Disciplinary and Performance Monitoring file, and any documents defendant provided to any administrative agency in relation to a charge of discrimination filed by plaintiff," (ii) "[a] copy of Plaintiff Pedro Serrano's Memo book from February 7, 2013," and (iii) "[a] copy of Pedro Serrano's Memo Book that was confiscated by Sergeant Gomez on the orders of defendant McCormack." (Docket Entry No. 127, Ex. 7 ¶¶ 1, 20, 23.) In response to Plaintiff's request, Defendants produced approximately five photocopied pages from Serrano's Memo Book that included the February 7, 2013, pages, and stated that they no longer possessed the Memo Book itself. (See id. at Ex. 11; Docket Entry No. 133, Ex. C.)

On July 21, 2019, Plaintiffs filed a motion for sanctions, arguing that Defendants' failure to preserve Plaintiff Serrano's Memo Book "amounts to bad faith or at least, gross negligence," and seeking an adverse inference as a sanction for Defendants' spoliation. (Docket Entry No. 129 at 9-12.) On March 5, 2020, Judge Cave concluded that Plaintiff had established that (i) Defendants had a duty to preserve the Memo Book and failed to preserve it with a

---

[1] Memo books "are used to keep a daily contemporaneous record of a police officer's assignments, posting, radio runs, activity, and occurrences." (Docket Entry No. 129 at 9.)

culpable state of mind; (ii) the destroyed Memo Book was relevant to Plaintiff Serrano's claims of adverse employment action and retaliation; and that (iii) Plaintiff Serrano has been prejudiced by its destruction.  (March 5 Order at 27-33.)  Therefore, Judge Cave granted the request for an adverse inference that "there is a likelihood that the destroyed Memo Book would have supported Serrano's claims of adverse employment action and retaliation."  (Id. at 33.)  On March 19, 2020, Defendants moved for reconsideration of the March 5 Order.  (Docket Entry No. 186.)  On April 13, 2020, Judge Cave denied the motion for consideration and upheld the adverse inference order.  (April 13 Order.)

DISCUSSION

When a party objects to a magistrate judge's non-dispositive order, the district court must review the objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  A decision is clearly erroneous where "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  Gualandi v. Adams, 385 F.3d 236, 240 (2d Cir. 2004) (internal quotation marks and citation omitted).  An order is "contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure."  Knitting Fever, Inc. v. Coats Holding Ltd., No. 05 Civ. 1065 (DRH) (MLO), 2005 WL 3050299, at *3 (E.D.N.Y. Nov. 14, 2005) (internal quotation marks and citation omitted).  This standard of review is "highly deferential;" "magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused."  Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic, 924 F. Supp. 2d 508, 511-12 (S.D.N.Y. 2013) (internal quotation marks and citation omitted).

Defendants argue that the March 5 and April 13 Orders should be reversed because (i) Judge Cave failed to make factual findings to support the extreme sanction of an adverse inference, (ii) Judge Cave "erroneously conflated" the standards of ordinary and gross negligence, and (iii) Judge Cave erred in finding that Plaintiff Serrano was prejudiced by Defendants' failure to produce the entire Memo Book. (Docket Entry No. 196.)

The March 5 and April 13 Orders were not "clearly erroneous or contrary to law." First, in support of her conclusion that an adverse inference was warranted, Judge Cave "ma[de] findings that support the propriety of the punishment." Mali v. Federal Ins. Co., 720 F.3d 387, 392 (2d Cir. 2013). Judge Cave outlined facts demonstrating that Plaintiff had met each of the elements of spoliation and concluded that, under those facts, an adverse inference was warranted. (March 5 Order, at 19-23, 27-33; April 13 Order, at 8-20.) Judge Cave found that (i) Corporation Counsel was aware of a duty to preserve the Memo Book as of August 2012, when "Counsel Cooke" learned of Plaintiff Serrano's EEOC Complaint; (ii) the Memo Book was destroyed with a culpable state of mind because "Serrano's Memo Book was in Defendants' custody as of February 16, 2013, when Plaintiff Serrano gave it to 'Integrity Control Officer Gomez'" and that failure to preserve such a fundamental record was grossly negligent; (iii) the Memo Book was relevant to Serrano's claims, as evidenced by Defendants' questioning Serrano about the Memo Book during his deposition; and that (iv) Plaintiff Serrano was prejudiced by Defendants' failure to produce the Memo Book because the substitute evidence is likely to be less accurate and comprehensive than the contemporaneous, historic written record. (March 5 Order at 30-33.) Judge Cave recognized that an adverse inference is an extreme sanction, but determined that it was warranted to deter the destruction of evidence, place the risk of erroneous judgment on the Defendants (who misplaced the record), and to restore Plaintiff Serrano to the

position in which he would have been but for Defendants' gross negligence.  (March 5 Order at 33.)  Further, Judge Cave did not conclude that Defendants' gross negligence "required" her to impose an adverse inference sanction; to the contrary, Judge Cave concluded that "an adverse inference does not automatically follow once the elements of spoliation are satisfied."  (April 13 Order at 17, 19) (citing Chin v. Port Auth. of N.Y. & N.J., 685 F.3d 135 (2d Cir. 2012)).

Second, Judge Cave did not conflate ordinary negligence with gross negligence—Judge Cave found that Defendants possessed a "culpable state of mind" under both standards. Judge Cave determined that Defendants were grossly negligent in failing to preserve the Memo Book because they were aware of an obligation to preserve it and because it was a record of a "key player" in the litigation.  (April 13 Order at 17) (citing In re Pfizer Inc. Sec. Litig., 288 F.R.D. 297, 314–15 (S.D.N.Y. 2013)).  Judge Cave then found that, even if Defendants were merely negligent (rather than grossly negligent), spoliation was still warranted because the lost records were highly relevant to Serrano's retaliation claim.  (Id.) (citing In re Pfizer).  Judge Cave's thorough and carefully reasoned Orders are not "clearly erroneous or contrary to law" simply because she found Defendants liable for spoliation under two alternative standards.

Third, Judge Cave did not err in finding that Plaintiff Serrano was prejudiced by Defendants' failure to produce the entire Memo Book.  Judge Cave found that "Serrano is not able to obtain the same evidence—his own contemporaneous written observations—from another source" other than the Memo Book because (i) "the photographs [Defendants produced] obviously omit large portions of the Memo Book," (ii) "the recorded information [contained in the Memo Book] could prove more persuasive than Serrano's memory alone," and (iii) Plaintiff Serrano's memory alone may be less accurate concerning events that occurred over seven years ago.  (March 5 Order at 31-32.)

The March 5 and April 13 Orders were not clearly erroneous or contrary to law because, contrary to Defendants' contention, Judge Cave did not misapply the applicable standards, and because Judge Cave had broad discretion to impose an appropriate sanction for Defendants' spoliation of the Memo Book. The sanction Judge Cave imposed was narrowly tailored to the particular discovery requested and the claim to which it pertained.

## CONCLUSION

For the foregoing reasons, Plaintiff's objections to Judge Cave's March 5 and April 13 Orders are overruled and Judge Cave's Orders will stand.

SO ORDERED.

Dated: New York, New York
       July 2, 2020

      /s/ Laura Taylor Swain
     LAURA TAYLOR SWAIN
     United States District Judge