

**THE CITY OF NEW YORK**

**GEORGIA M. PESTANA**
*Corporation Counsel*

## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**YUVAL RUBINSTEIN**
Phone: (212) 356-2467
Fax: (212) 356-2439
Email: yrubinst@law.nyc.gov

October 6, 2021

**Via ECF**
Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

### MEMO ENDORSED

Re: Raymond v. City of New York, et al.
Case No. 15-cv-006885 (LTS)(SLC)

Dear Judge Swain:

I am the Assistant Corporation Counsel in the Office of Georgia M. Pestana, Corporation Counsel for the City of New York, assigned to represent the defendants in the above-captioned action. Pursuant to ¶5 of Your Honor's Individual Practices and ¶7 of the Court's February 14, 2019 Stipulation and Confidentiality Order (Dkt. 113), defendants respectfully move to seal Exhibit CM that is referenced in defendants' reply memorandum in support of their motion for summary judgment. The sealed exhibit is comprised of a letter to an undercover police officer who filed an anonymous EEO complaint against defendant Christopher McCormack in 2015, along with the EEO investigator's case recommendation. Because of the highly confidential nature of this information involving non-parties, defendants respectfully submit there is good cause to file this exhibit under seal. In addition, the First Amendment concerns in *Lugosch v. Pyramid Co.*, 435 F.3d 110 (2d Cir. 2006) are outweighed by the privacy interests of the third party. *See U.S. v. Amodeo*, 71 F. 3d 1044, 1050-51 (2d Cir. 1995)("privacy interests of innocent third parties…should weigh heavily in a court's balancing equation")(internal quotation omitted). Plaintiffs consent to this request.

Defendants thank the Court for its consideration of this request.

Respectfully submitted,

/s/

Yuval Rubinstein
Assistant Corporation Counsel
Attorney for Defendants

Application denied, without prejudice to re-filing upon a showing as to what new third party information would be revealed by the public filing of Exhibit CM given the already-public filing of docket entry no. 304-64. By January 12, 2022, to the extent they wish to do so, defendants shall file a renewed letter-motion with a showing as to why Exhibit CM should remain under seal notwithstanding the public filing of docket entry no. 304-64. If defendants do not file any such letter by January 12, 2022, the Court will remove the current access restrictions on Exhibit CM (docket entry no. 315). DE#314 resolved.
SO ORDERED.

Dated: January 5, 2022

/s/ Laura Taylor Swain, Chief U.S.D.J.