# NWOKORO & SCOLA, ESQUIRES
90 Broad Street, Suite 1023
NEW YORK, NY 10004

TEL: 917.423.1445

> Plaintiffs' letter-motion seeking to brief the Court on both the amendment and preclusion issues (ECF No. 348) is DENIED WITHOUT PREJUDICE. Any outstanding discovery or sanctions issues shall be addressed following resolution of Plaintiffs' motion for leave to amend (ECF No. 346).
>
> The Clerk of Court is respectfully directed to close ECF No. 348.
>
> SO ORDERED 10/24/22
>
> SARAH L. CAVE
> United States Magistrate Judge

**Sent Via ECF**
Honorable Sarah L. Cave
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 18A
New York, New York 10007

Re:   Serrano et al. v. City of New York et al.
      Docket No.: 1:15-CV-06885

Dear Judge Cave,

    We represent the Plaintiffs' in the above referenced matter. Plaintiffs write to the Court to supplement our letter motion seeking leave to amend Plaintiff Serrano's complaint from October 21, 2022 (DKT 346). Plaintiff mistakenly, until reading the Court's Order dated October 21, 2022, believed that the briefing schedule set forth by the Court was solely over the issue of amendment. The Courts decision stated that Plaintiff was to brief the Court on both the amendment and preclusion issues. As such Plaintiffs, apologetically write to the Court to supplement our letter to include the preclusion issue.

    If the Court declines to allow Plaintiff Serrano to amend his complaint or sanction the Defendants, the Court at the very least should not allow the Defendants to benefit from their late production which occurred nearly eighteen (18) months after the close of discovery. See *Flannigan v. Vulcan Power Grp*., 642 Fed. Appx. 46 (2nd Cir. 2016) ("Testimony of employer's corporate officer was inadmissible, at trial on employee's wage and retaliation claims against employer, since employer failed to disclose officer as witness until eve of trial after ignoring discovery request and no chance to depose"). Further the Defendants have offered no credible explanation as to why these documents were not disclosed during the discovery period. Plaintiffs sought all relevant documents related to Plaintiff Serrano, including his disciplinary history and employment file. The Defendants claim they discovered this document now simply because they asked for it, significantly calls into question whether or not Plaintiffs have received discovery that they have previously requested, not only in Plaintiff Serrano's case but also Plaintiff Gonzalez and previously dismissed Plaintiffs Raymond and Baez. The Defendants cannot be rewarded by their failure to comply with the rules of discovery. See *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC* 280 F.R.D. 147 (S.D.N.Y. 2012). (Plaintiff barred from admitting evidence not disclosed during discovery period absent good cause for the failure to comply with discovery schedule.")

I thank the Court for its time and consideration related to this matter.

                                                   Very truly yours,

                                                   /s/

                                                 John Scola

CC: Yuval Rubinstein, Esq. (ECF)