UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MARIANNE T. O'TOOLE, solely as Chapter 7 Trustee of the Estate of Pedro Serrano, and SANDY GONZALEZ,

      Plaintiffs,

  -v-                                                No. 15-CV-6885-LTS-SLC

THE CITY OF NEW YORK, WILLIAM J. BRATTON, and CHRISTOPHER McCORMACK,

      Defendants.

-------------------------------------------------------x

MEMORANDUM ORDER

      Defendants City of New York, William J. Bratton, and Christopher McCormack ("Defendants") object to Magistrate Judge Sarah L. Cave's Order of October 21, 2022 ("October 21 Order") and seek to set aside an adverse inference sanction imposed against Defendants. (Docket entry no. 353.) The sanction is based on the spoliation of the memo book containing the February 7, 2013 entry of Plaintiff Pedro Serrano[1] ("Plaintiff" or "Officer Serrano"). The adverse inference was imposed in a March 5, 2020 Order ("March 5 Order") by Judge Cave, who later upheld the sanction upon reconsideration in an April 13, 2020 Order ("April 13 Order"). (Docket entry nos. 186 and 196.) Defendants then objected to both of those rulings in tandem, and this Court overruled the objections in a July 2, 2020 Order ("July 2 Order"). (Docket entry no. 217.) In this most recent iteration of the dispute, Defendants filed a letter motion on September 14, 2022, again seeking relief from the sanction and commencing another round of

---

[1]     Marianne T. O'Toole has been substituted as Plaintiff into this action, solely in her capacity as Chapter 7 Trustee of the estate of Pedro Serrano. (Docket entry no. 330.)

briefing. (Docket entry no. 334.) Judge Cave's October 21 Order denied that relief and serves as the basis for the instant objections.

The Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331, 1343, and 1367. The Court has considered carefully the parties' submissions and arguments and, for the following reasons, Defendants' objections are overruled. Judge Cave's October 21, 2022 Order will stand.

## BACKGROUND

Familiarity with the facts of this case, which are set forth in detail in the March 5, April 13, July 2, and October 21 Orders (as well as other prior orders of the Court), is presumed. Officer Serrano alleges, among other things, that he was retaliated against for filing a discrimination complaint with the United States Office of Equal Employment Opportunity ("EEOC") against his supervisors in June 2012. (Docket entry no. 87 (Second Amended Complaint ("SAC") ¶¶ 108, 169-77.) Officer Serrano alleges that his supervisors became aware of his EEOC complaint on February 7, 2013, and began retaliating against him during his shift that day. (SAC ¶¶ 109-22.)

On November 28, 2018, Plaintiff propounded document requests on Defendants that called for the production of Officer Serrano's Memo Book[2] that contained his entry from February 7, 2013. (Docket entry no. 129 at 7.) Plaintiff requested, in relevant part, (i) "[a]ll documents that refer or relate to Plaintiff Pedro Serrano, including but not limited to, his entire personnel files including Plaintiff's Disciplinary and Performance Monitoring file, and any documents defendant provided to any administrative agency in relation to a charge of

---

[2] Memo Books "are used to keep a daily contemporaneous record of a police officer's assignments, posting, radio runs, activity, and occurrences." (Docket entry no. 129 at 9.)

discrimination filed by plaintiff," (ii) "[a] copy of Plaintiff Pedro Serrano's Memo book from February 7, 2013," and (iii) "[a] copy of Pedro Serrano's Memo Book that was confiscated by Sergeant Gomez on the orders of defendant McCormack." (Docket entry no. 127, Ex. 7 ¶¶ 1, 20, 23.) In response to Plaintiff's request, Defendants produced approximately five photocopied pages from Officer Serrano's Memo Book that included the February 7, 2013, pages, and stated that they no longer possessed the Memo Book itself. (See id. at Ex. 11; docket entry no. 133, Ex. C.)

On July 21, 2019, Plaintiffs filed a motion for sanctions, arguing that Defendants' failure to preserve Officer Serrano's Memo Book "amounts to bad faith or at least, gross negligence," and seeking an adverse inference as a sanction for Defendants' spoliation. (Docket Entry No. 129 at 9-12.) On March 5, 2020, Judge Cave concluded that Plaintiff had established that (i) Defendants had a duty to preserve the Memo Book and failed, with a culpable state of mind, to preserve it; (ii) the destroyed Memo Book was relevant to Officer Serrano's claims of adverse employment action and retaliation; and that (iii) Officer Serrano has been prejudiced by its destruction. (March 5 Order at 27-33.) Therefore, Judge Cave granted the request for an adverse inference that "there is a likelihood that the destroyed Memo Book would have supported Serrano's claims of adverse employment action and retaliation." (Id. at 33.) On March 19, 2020, Defendants moved for reconsideration of the March 5 Order. (Docket entry no. 186.) On April 13, 2020, Judge Cave denied the motion for reconsideration and upheld the adverse inference order. (April 13 Order.) Defendants objected to both orders, and this Court overruled their objections, allowing the adverse inference sanction to stand. (July 2 Order).

Following this Court's issuance of a summary judgment decision on July 7, 2022, Defendants once again renewed their challenge to the adverse inference sanction, this time

arguing, via letter motion, that Plaintiff Serrano should be precluded from discussing the adverse inference at trial because it had been imposed against the City of New York, and not Defendant McCormack, and that, in any event, a sanction against Defendant McCormack was improper without a finding of personal culpability and sufficient notice.  (See docket entry no. 334 at 1-2.) Plaintiffs opposed, and Judge Cave denied the letter motion, issuing a Report and Recommendation that upheld the sanction.  (October 21 Order.)  Defendants timely filed their objections, and Plaintiffs opposed.  (Docket entry nos. 353, 359.)

## Discussion

When a party objects to a magistrate judge's non-dispositive order, the district court must review the objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  A decision is clearly erroneous where "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  Gualandi v. Adams, 385 F.3d 236, 240 (2d Cir. 2004) (internal quotation marks and citation omitted).  An order is "contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure."  Knitting Fever, Inc. v. Coats Holding Ltd., No. 05-CV-1065-DRH-MLO, 2005 WL 3050299, at *3 (E.D.N.Y. Nov. 14, 2005) (internal quotation marks and citation omitted).  This standard of review is "highly deferential," as "magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused."  Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic, 924 F. Supp. 2d 508, 511-12 (S.D.N.Y. 2013) (internal quotation marks and citation omitted).

Separately, Federal Rule of Civil Procedure Rule 54(b) provides that interlocutory decisions, such as discovery orders, "may be revised at any time before the entry of a judgment

adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Decisions challenged under Rule 54(b) "may not usually be changed unless there is 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'" Official Comm. of Unsecured Creditors of the Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003) (citing Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)).  This allows for decisions to be revisited, "subject to the caveat that 'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'"  Id. (citing Zdanok v. Glidden Co., 327 F.2d 944, 953 (2d Cir. 1964)).  A party can generally establish clear error or manifest injustice by "point[ing] to controlling decisions or data that the court overlooked."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Furthermore, if the movant had the opportunity to present the evidence or litigate the issue earlier but did not do so, either because of inadvertence or as a strategic maneuver, the Rule 54(b) motion may be denied.  In re Rezulin Prods. Liability Lit., 224 F.R.D. 346, 352 ("Rule 54(b) motions may be denied where 'relief is sought on a basis which a party inadvertently failed to raise earlier or the interests of justice otherwise so require.'" (quoting Charles Aini, I.C.E. Marketing Corp. v. Sun Taiyang Co., 174 F.R.D. 327, 329-30 (S.D.N.Y. 1997)).

    Defendants argue that the October 21 Order should be reversed because: (1) the Order applied the incorrect standard of review—Rule 60(b) instead of Rule 54(b)—for interlocutory rulings; and (2) the Order imposed an adverse inference onto a party that did not have a duty to preserve, both of which render the Order "contrary to law." (Docket entry no. 353.)  Under neither Rule 72 nor Rule 54(b) have the Defendants made the showing necessary to

disturb the October 21 Order or any one of Judge Cave's or this Court's prior decisions that an adverse inference is properly permitted against Defendant<u>s</u>—plural.

This Court previously conducted an analysis of the propriety of imposing an adverse inference sanction against the Defendants under the Rule 72 framework, and upheld Judge Cave's initial March 5 Order and a subsequent April 13 Order.  (July 2 Order.)  All three of those decisions substantively addressed the elements of spoliation and concluded that, under the facts outlined in the March 5 Order, an adverse inference sanction against Defendants was warranted.  (July 2 Order at 4.)   In sum and substance, Defendants now argue that the inference could not have applied to Defendant McCormack because neither the March 5 Order, or any of the subsequent orders, found that he—personally—had a duty to preserve the Memo Book, nor was he provided with "sufficient notice" as to the sanctionable conduct.  Defendants make this argument as part of an attempt to obtain the benefits of Rule 54(b), which establishes a more lenient standard of review than Rule 60(b).  The Court finds this line of argument unavailing for two reasons.  First, to restate the obvious, the instant motion is Defendants' <u>fourth</u> attempt to set aside the adverse inference.  Defendants offer <u>no</u> reason, nor can they, as to why these arguments were not raised in any one of the earlier iterations.  The Court observes that, as of June 27, 2018—well before Judge Cave issued the March 5, 2020 Order first imposing the adverse inference against Defendants—Plaintiff Serrano's claims had been narrowed such that Defendant McCormack was the only defendant against whom he had any claims in this case. (Docket entry no. 86.)  Indeed, Defendants' approach to objections as to this adverse inference issue "is antithetical to the efficiencies that Rule 72 attempts to set up."  <u>United States Sec. & Exch. Comm'n v. Collector's Coffee Inc.</u>, No. 19 CIV. 4355-VM, 2021 WL 1895849, at *3 (S.D.N.Y. Apr. 9, 2021).  The Court declines to reevaluate its earlier Rule 72 analysis based on the

Defendants' delayed and repetitive attempts to set aside the sanction, and the reasoning in the Court's July 2 Order stands.

Second, the invocation of the Rule 54(b) standard of review does not salvage Defendants' objections. To the extent Rule 54(b), rather than Rule 60(b), is the framework under which Judge Cave should have revisited her adverse inference ruling, Defendants nevertheless have failed to demonstrate that reversal of that ruling is warranted. Rule 54(b) permits the modification of decisions when there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Official Comm. of Unsecured Creditors of the Color Tile, Inc., 322 F.3d at 167 (citing Virgin Atl. Airways, Ltd., 956 F.2d at 1255). Rule 54(b) motions may be denied when the movant had an opportunity to either "present the evidence or litigate the issue earlier but did not do so, because of inadvertence or as a strategic measure." In re Rezulin Prods. Liability Lit., 224 F.R.D. at 352.

When applying Rule 54(b) to this case, the Court also considers its own prior order upholding Judge Cave's March 5 and April 13 orders. Rule 54(b) does not require displacing these rulings because there was no intervening change in controlling law, no new evidence, and no need to rectify a clear error or prevent manifest injustice. Defendants do not cite any controlling Second Circuit decision that bears directly on their theory that Defendant McCormack ought personally to have had a duty to preserve Serrano's Memo Book, as well as notice of his wrongful conduct, for the Court to impose an adverse inference here. That the Defendants spend a lengthy footnote attempting to distinguish a district court case—which imputed responsibility to a defendant correction officer based on the failure of the Office of the Corporation Counsel and the Department of Correction Legal Division to preserve surveillance

video—demonstrates that Judge Cave's order did not flout controlling law or commit clear error. (Docket entry no. 353 at 14 n.7).  See also Ransom v. Andrews, No. 21-CV-6343-JPO-BCM, 2022 WL 16555362, at *1 (S.D.N.Y. Oct. 31, 2022).  Under Rule 72, "reversal is only appropriate if [a magistrate judge's] discretion is abused."  See Thai Lao Lignite (Thailand) Co., 924 F. Supp. 2d at 511-12 (internal quotation marks and citation omitted).  Defendants' arguments simply do not meet this standard.

Finally, even if Defendants had successfully established that the October 21 Order, or any of the earlier orders, including this Court's July 2 Order, had overlooked controlling decisions as to the propriety of imposing an adverse inference sanction in this case, their yearslong delay in raising this argument, following several lengthy rounds of motion practice, warrants denial of the Rule 54(b) motion on its own.  See, e.g., Rockland Exposition, Inc. v. All. of Auto. Serv. Providers of New Jersey, 894 F. Supp. 2d 288, 340 (S.D.N.Y. 2012), as amended (Sept. 19, 2012) (noting that a Rule 54(b) motion should be denied if movant had an opportunity to litigate the issue but did not do so).

In sum, the October 21 Order was not clearly erroneous or contrary to law because, contrary to Defendants' contention, Judge Cave did not misapply the applicable standards, and because Judge Cave had broad discretion to impose an appropriate sanction for Defendants' spoliation of the Memo Book.

<u>CONCLUSION</u>

For the foregoing reasons, Defendants' objections to Judge Cave's October 21 Order are overruled and Judge Cave's Order will stand. The Court adopts the October 21 Order in its entirety.

SO ORDERED.

Dated: New York, New York
July 26, 2023

<u>/s/ Laura Taylor Swain</u><br>
LAURA TAYLOR SWAIN<br>
Chief United States District Judge